IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00865-LTB

ABDULSHAHID AL-MUHAIMIN,

    Plaintiff,

v.

DAVID B. BERKEIBLE, Warden,
MR. LINCOLN, DHO, and
ERIC HOLDER, JR., Trustee/Warden,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Abdulshahid Al-Muhaimin, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* on May 30, 2013, a motion titled "Pro Se Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 6) asking the Court to reconsider its Order of Dismissal and Judgment entered on May 14, 2013. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Mr. Al-Muhaimin's motion was filed sixteen days after the Court's March 14 dismissal order and  judgment. Therefore, The Court will consider Plaintiff's May 30 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

On May 14, the Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) based on Mr. Al-Muhaimin's failure, within the time allowed, to cure all the deficiencies designated in the order to cure of April 4, 2013, and for his failure to prosecute.  The May 14 dismissal order discusses in detail the reasons for the dismissal.  *See* ECF No. 4.

In the motion to reconsider, Mr. Al-Muhaimin contends he never received the

copies of the Order of Dismissal and Judgment mailed to him on May 14.  However, nothing on the Court's docketing records indicates that these copies were returned to the Court as undeliverable, and the prisoner registration number and mailing address listed for Mr. Al-Muhaimin on the Court's records match the same information on the BOP website, www.bop.gov and in Plaintiff's May 30 motion and initial filing on April 3, 2013 (ECF No. 1).  These were the prisoner registration number and address the Court used to mail the May 14 Order of Dismissal and Judgment to Plaintiff.

After review of the motion and the entire file, the Court finds that Mr. Al-Muhaimin fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.  Because the dismissal of this action was without prejudice, Plaintiff may initiate a new and separate lawsuit that cures the deficiencies designated in the April 4 order.

Accordingly, it is

ORDERED that the motion titled "Pro Se Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 6) that Plaintiff, Abdulshahid Al-Muhaimin, filed *pro se* on May 30, 2013, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  6th  day of    March           , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court